### 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

CLAIBORNE V. RADFORD AND OTHERS.

JUNE 20, 1895.

1. CONSTRUCTION OF WRITTEN INSTRUMENTS—*Deed*—*Will*—*Power of Attorney.* An instrument which purports on its face to be a deed, is signed, sealed, acknowledged before a notary public, and admitted to record, and which grants, bargains, sells, and conveys absolutely, and without reservation or condition, all of the stocks, bonds, and other evidences of debt of the grantor to a trustee to be held for the benefit of the grantor (who is an unmarried woman, but who is shortly thereafter married), for the term of her natural life, without the further provision that, at the death of the grantor, the property conveyed shall pass to her children, if any, and if none, to her heirs at law, as though the same were real estate, is a deed, and is not a power of attorney, nor a will, nor a writing partaking of the double nature of power of attorney and will, and therefore is not revocable.

Appeal from a decree of the Circuit Court of Bedford county, pronounced January 5, 1893, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*W. W. Haden, Griffin & Glasgow* and *R. G. H. Kean,* for the appellant.

*Kirkpatrick & Blackford* and *M. P. Burks,* for the appellees.

KEITH, P., delivered the opinion of the court.

The appellant, Ellen duVal Claiborne, who was Ellen du-Val Radford, filed her bill in the Circuit Court for the county of Bedford, making duVal Radford, in his own name and as administrator of R. C. W. Radford, deceased, and as administrator *d. b. n.* of Octavia duVal Radford, deceased, Thomas S. Radford, and others, defendants, in which she asks that a decree may be entered requiring duVal Radford to pay over to her the sum of $10,000, which she claims as being in his hands, and as belonging to her.

The defendant answered the bill, and, among other defences, set out the fact that the complainant had, by deed, conveyed her interest in the money which she demanded of him to W. V. Wilson, upon a certain trust, and avers that the property demanded of him is claimed by the said W. V. Wilson, as trustee, and prays that the complainant may be required to amend her bill so as to bring her trustee before the court.

This amended bill was filed, and the trustee made a party. In the amended bill the complainant presents for the consideration of the court the instruction of the paper, in form a deed, dated the 2nd of July, 1891, and which is as follows:

"This deed, made this 2nd day of July, in the year of our Lord, 1891, between Ellen duVal Radford, party of the first part, and Wm. V. Wilson, Jr., trustee, party of the second part, witnesseth: That for and in consideration of the sum of five dollars, the receipt thereof is hereby acknowledged, the said parties of the first part does hereby grant, bargain, sell, and convey unto the said party of the second part, all of her stocks, bonds, and other evidences of debt, to be held by him, the said party of the second part, and his qualified successors, upon the following trusts, for the sole use and benefit of the said Ellen duVal Radford for and during her life.

The said trustee shall have power and authority to collect any and all outstanding debts whenever he may think proper to do so, and relend the principal upon good city real estate security. The interest and dividends upon all the property hereby conveyed shall be collected by the said trustee and paid over to the said Ellen duVal Radford, and after deducting for the same reasonable compensation for the said trustee for his services. The stocks and railroad bonds now owned by the said party of the first part and by this deed conveyed shall not be sold by the trustee without the written consent of the said Ellen duVal Radford, and in case of such sale the proceeds shall be reinvested or loaned out as hereinbefore provided by the said trustee. All of the said property hereby conveyed that is held by any bank or individual as collateral security for any debt of the said party of the first part, shall be bound for such debt, and the said trustee shall have the power to make the proper transfers if necessary, for the settlement of such debt, but the same shall not be liable for any debt hereafter created by either of the parties of this deed.

And at the death of the said party of the first part, the property hereby conveyed shall pass to the children of the said party of the first part if she leave any, but if she leave no children the same shall pass to her heirs at law as though the same were real estate.

Witness the following signatures and seals.

(Signed)　　　　　　ELLEN DUVAL RADFORD.　　[Seal.]

　　　　　　WM. V. WILSON, JR., Trustee. [Seal.]

State of Virginia, City of Lynchburg, to-wit:

I, Thos. D. Christian, a Notary Public in and for the city and State aforesaid do certify that Ellen duVal Radford and Wm. V. Wilson, Jr., whose names are signed to the writing above, bearing date on the 2nd day of July, 1891, have acknowledged the same before me in my city aforesaid.

Given under my hand this 2nd day of July, 1891.

(Signed)      THOS. D. CHRISTIAN,
Notary Public."

Virginia:

In the clerk's office for the Corporation Court for the city of Lynchburg, the 3d day of August, A. D. 1891. This deed was presented, and upon the annexed certificates of acknowledgments admitted to record.

Teste:            (Signed)   S. G. WINGFIELD,
Clerk."

Complainant claims that this paper is not a deed, by which her interest in the property mentioned was divested, but that it is a power of attorney creating W. V. Wilson an agent for the management of the property mentioned therein, and that the concluding clause is testamentary in its character, and that the whole instrument, whether regarded as a power of attorney or a paper testamentary, is revocable; and, proceeding upon this idea, she, on the 5th day of October, 1892, executed another paper under seal, by which she undertakes wholly to revoke and annul the aforesaid instrument, and to terminate the authority and interest of Wm. V. Wilson as trustee.

The record presents two questions for our decision.

One arising upon the original bill, and to which I shall no further advert than to say that as the whole matter in controversy is settled by the disposition which we have made of the amended bill, no reference need be made to it in this opinion.

We will address ourselves, therefore, to ascertaining the construction to be placed upon the paper purporting to be a deed, and dated the 2nd day of July, 1891. The arguments of counsel on both sides have been exhaustive of every phase of the subject, and the citation of authorities has presented for our consideration a great number of adjudged cases, many of which are not accessible to us here. In our view of the

case, however, it is wholly free from doubt and difficulty, and may be determined by reference to well established elementary principles.

To us, the attempt to treat this paper either as a power of attorney or as a will seems to rest upon an entirely erroneous conception. As is said in the case of *Ewing* v. *Jones*, 29 N. E. R. 1057, there is nothing in the paper from beginning to end to indicate that it is a will, or partakes of the character of a will. "In form and substance, in recital and declaration, it is a deed of trust." It is true that some of the instructions given the trustee as to the management of the property during the life time of the grantor would have been entirely appropriate in an instrument creating a mere agency, but there are also terms employed unusual, unnecessary, inappropriate, and improper for such purpose; and, taken as an entirety, it may be safely affirmed that no precedent can be produced of a power of attorney, or will, or writing partaking of the double nature of power of attorney and will, presenting the characteristics of that under consideration. It grants, bargains, sells, and conveys absolutely, and without reservation or conditions, all the stocks and bonds, and other evidences of indebtedness, the property of the grantor, Ellen duVal Radford, to William V. Wilson and his qualified successors, in trust for the sole use and benefit of the said Ellen during her lifetime. Is this the language of a power of attorney, or of an instrument creating a trust? It operates to vest in Wilson whatever interest Miss Radford may have had in the property described.

Its operation is not postponed until her death, but it takes effect upon the instant of the execution of the paper. This deed was written, signed, and acknowledged before a notary on the 2nd day of July, 1891. On the 3rd day of August of the same year it was admitted to record in the office of the

Corporation Court of the city of Lynchburg, and the grantor was married on the 8th day of the same month.

The deed transfers all her personalty to her trustee. It uses apt words for the creation of an equitable separate estate. It excludes the marital rights of the husband in the life estate which it creates, and carefully guards against his enjoyment of it after her death, by providing that it shall pass to her children, if she shall have any, or if there are no children, that it shall pass to her heirs at law, as real estate. Looking to the surrounding circumstances, and to the language of the deed, it may fairly be considered that the contemplated marriage furnished the motive for the instrument, and that it was the purpose of the grantor to guard against the improvidence or the ill fortune of her future husband. Counsel for the appellant seize upon the phrase "at the death of the party of the first part the property hereby conveyed *shall pass* to the children of the party of the first part, if she have any, etc.," as clearly impressing a testamentary character upon the paper; but we cannot concur in this view. As we have seen, the property, upon the execution of the deed, vested at once in the trustee, and the direction of the clause just quoted is that it "shall pass," not from the grantor, for it has already passed from the grantor by virtue of the preceding part of the paper, but that it "shall pass" from the trustee in whom it had vested, as directed, at her death. The Code has provided for the protection of the property of married women by creating, what, for the sake of brevity, has been designated statutory separate estate, but by section 2294 of the Code, the right to create equitable separate estates is preserved unaffected by the statute law.

We are of opinion, therefore, that whether the deed of July 2, 1891, be regarded as an ordinary trust, or as a settlement made in contemplation of marriage, and creating an equitable

Opinion.

separate estate in the grantor for life (in which aspect we are disposed, under all the circumstances of the case, to view it), we consider it as a valid, subsisting, irrevocable instrument.

We are of opinion that there is no error in the decree complained of, and that it must be affirmed.

AFFIRMED.